**UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND**
**(SOUTHERN DIVISION)**

RAUL HERNANDEZ GUZMAN
11809 College View Drive
Silver Spring, Maryland 20902

      *Plaintiff*,

  v.

KP STONEYMILL, INC.
d/b/a KING POLLO
4219 Randolph Road #3
Wheaton, MD 20906

SERVE:  Donghoon Ko
           a/k/a Dong Hoon Go
           601 Garden View Square
           Rockville, MD 20850

and

KP WHEATON, INC.
d/b/a KING POLLO
12009 Georgia Avenue
Wheaton, MD 20902

SERVE:  Dong Hoon Go
           a/k/a Donghoon Ko
           601 Garden View Square
           Rockville, MD 20850

and

DAESUNG JI
a/k/a DAE S JI
a/k/a DOESUNG JI
a/k/a JI DAESUNG
26476 Linton Pasture Place
Centreville, VA 20120

      *Defendants*.

Civil Action No.: 20-2410

## COMPLAINT

Plaintiff, Raul Hernandez Guzman ("Plaintiff") brings this action against Defendants, KP Stoneymill, Inc. d/b/a King Pollo ("KP Stoneymill"), KP Wheaton, Inc. d/b/a King Pollo ("KP Wheaton"), and Daesung Ji a/k/a Dae S Ji a/k/a Doesung Ji a/k/a Ji Daesung ("Ji") for violations of the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 201, *et seq.*, the Maryland Wage and Hour Law ("MWHL"), Md. Code Ann., Labor & Empl. § 3-415, *et seq.*, and the Maryland Wage Payment and Collection Law ("MWPCL"), Md. Code Ann., Labor & Empl. Art., § 3-501, *et seq.* Plaintiff brings this action to recover unpaid, illegally withheld minimum wage and overtime compensation.

## JURISDICTION AND VENUE

1. The jurisdiction of this Court is based upon 28 U.S.C. § 1331 and 29 U.S.C. § 217. The Court has subject matter jurisdiction under § 1331 because Plaintiff's claims involve Federal questions and the Court has pendent jurisdiction over the Plaintiff's state law claims under 28 U.S.C. § 1367.

2. This Court has *in personam jurisdiction* over Defendants because they conduct business in the State of Maryland and because all of the events giving rise to these claims occurred in Maryland.

## THE PLAINTIFF

3. Plaintiff is an adult resident of Montgomery County, Maryland and has been employed by Defendants as a cook from in or around November 2015 to the present.

## THE DEFENDANTS

4. KP Stoneymill is a corporation organized under the laws of the State of Maryland which operates a charbroiled chicken restaurant called King Pollo in Montgomery County,

Maryland at 4219 Randolph Road, #3, Wheaton, Maryland 20906. KP Stoneymill was an employer of the Plaintiff within the meaning of the FLSA, and the MWHL because, through its owners, members, officers and employees, it: (1) hired Plaintiff and could fire Plaintiff; (2) set Plaintiff's rate of pay; (3) controlled the terms and conditions of Plaintiff's employment; (4) paid the Plaintiff his wages; (5) maintained Plaintiff's employment records; and (6) supervised the Plaintiff and set his work schedule.

5. KP Wheaton is a corporation organized under the laws of the State of Maryland which operates a charbroiled chicken restaurant called King Pollo in Montgomery County, Maryland at 12009 Georgia Avenue, Wheaton, Maryland 20902. KP Wheaton was an employer of the Plaintiff within the meaning of the FLSA, and MWHL because it: (1) hired Plaintiff and could fire Plaintiff; (2) set Plaintiff's rate of pay; (3) controlled the terms and conditions of Plaintiff's employment; (4) paid the Plaintiff his wages; (5) maintained Plaintiff's employment records; and (6) supervised the Plaintiff and set his work schedule.

6. KP Stoneymill and KP Wheaton, collectively and individually, are an "Enterprise Engaged in Commerce" within the meaning of 29 U.S.C. § 203 (r)(1) and (s)(1), as they are: (1) under common ownership and control of Defendant Ji; (2) operated for a common business purpose; (3) operated under the same trade name (King Pollo) and (4) either alone or collectively, have (a) employees engaged in commerce or the production of goods for commerce or (b) employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce and a gross volume of sales made or business done of not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated).

7. Ji is an owner and/or officer and/or director of both KP Stoneymill and KP Wheaton. He is an employer of Plaintiff within the meaning of the FLSA and MWHL because he: (1) is an

owner, director, incorporator and manager of KP Stoneymill and KP Wheaton and exercises operational control over their day-to-day affairs and is significantly involved in their operations; (2) controlled the corporate funds which were used to pay Plaintiff and other employees and could allocate funds as profits; (3) controlled the terms and conditions of Plaintiff's employment, including setting Plaintiff's rate of pay and actually paying Plaintiff during some of the time by handing him his cash payments each pay period and/or his check payments and signing those checks; (4) made decisions about how many hours Plaintiff was paid for and when he was paid; (5) set the Plaintiff's work schedule and directed Plaintiff in the performance of his work; (6) provided Plaintiff with the tools and materials necessary to do his work; (7) maintained employment records for Plaintiff; (8) could discipline the Plaintiff; and (9) had authority to hire and fire Plaintiff and did in fact hire him.

**STATEMENT OF FACTS**

8.     Plaintiff began working for Defendants as a cook on or about November 9, 2015, and is currently still employed in that position. Plaintiff's duties include, but are not limited to, cooking and marinating the chickens, grilling and broiling the chickens, taking customer orders, cleaning and wiping down the tables, sweeping and washing dishes and taking out the trash.

9.     Defendant Ji hired the Plaintiff and told him he would be paid a fixed amount of wages each week. Plaintiff was required to work, and did in fact work, 6 days per week and 12 hours per day – or approximately 72 hours in a week. Plaintiff seldom took lunch breaks, and when he did, they were approximately 15 minutes long. There were times when Plaintiff worked more than 72 hours in a week, for example when he had to cover an extra shift on Sunday. There were also times when Plaintiff worked less hours, for example during the peak of the COVID-19 pandemic.

10. Defendants paid Plaintiff some of his weekly wages partly in cash and partly using a non-payroll check drawn on the Defendants' operating, or other, account. Defendants never paid Plaintiff an overtime premium for the hours in excess of 40 that he worked in a work week.

11. During the period November 2015 to the present, the amount of wages Plaintiff was paid each week by the Defendants ranged from an initiate weekly rate of $550.00 per week to the current rate of $690.00 per week.

12. In some work weeks, Plaintiff's hourly rate may have dipped below the mandatory Maryland minimum wage rate which was $9.25 per hour beginning as of July 1, 2017, increasing to $10.10 per hour in July 2018, and then to $11.00 per hour beginning January 1, 2020.

13. Defendants never posted any posters, at either location Plaintiff worked at, informing the workers of their rights under the FLSA and/or the MWHL and/or the MWPCL.

14. Because Plaintiff remains employed by the Defendants, the violations under the FLSA, MWHL and MWPCL are continuing in nature and Plaintiff seeks damages from on or about November 9, 2015 forward.

**COUNT I**
**VIOLATIONS OF THE FLSA**
**29 U.S.C. §§ 201, *et seq.***

15. Plaintiff repeats and incorporates by reference all allegations of fact set forth above.

16. At all times relevant to the Complaint, Plaintiff was an "employee" of all Defendants within the meaning of the FLSA and Defendants were "employers" of the Plaintiff within the meaning of the FLSA.

17. Defendants violated the FLSA overtime provisions by knowingly failing to pay Plaintiff one-and-one-half times his regular hourly rate for each hour over 40 that he worked in a workweek.

18. Defendants' actions were willful as defined by the FLSA and were not undertaken in good faith.

19. Defendants are liable to Plaintiff under 29 U.S.C. § 207(a) of the FLSA, for his unpaid and illegally withheld overtime wage compensation, plus an additional equal amount as liquidated damages, court costs, reasonable attorneys' fees and expenses, and any other relief deemed appropriate by the Court.

20. The approximate amount owed to the Plaintiff based on the FLSA violations cannot be determined at this time because Plaintiff does not have access to the relevant time and payroll records which, to the extent accurate records exist, are in the exclusive possession of the Defendants.

## COUNT II
**Equitable Tolling Under the FLSA**

21. Plaintiff repeats and incorporates by reference all allegations of fact set forth above.

22. At no time during Plaintiff's employment did Defendants comply with the statutory notice requirements for employers which are set forth in 29 C.F.R. § 516.4.

23. The Defendants deliberate and willful failure to comply with the notice provisions prevented the Plaintiff from asserting his rights under the FLSA.

24. Accordingly, the statute of limitations under the FLSA for Plaintiff's claims was tolled beginning on the date he began working for Defendants which is believed to be on or about November 9, 2015.

## COUNT III
**VIOLATIONS OF THE MWHL**
**Md. Code Ann. Labor & Empl. Art. § 3-415,** *et seq*.

25. Plaintiff repeats and incorporates by reference all allegations of fact set forth above.

26. At all times relevant to the Complaint, Plaintiff was an "employee" of all

Defendants within the meaning of the MWHL and Defendants were Plaintiff's "employer" within the meaning of the MWHL.

27. At all relevant times, Defendants knowingly, willfully and intentionally violated Plaintiff's rights under the MWHL by failing to pay Plaintiff an overtime premium for the hours he worked in excess of 40, and in some weeks, failing to pay Plaintiff the applicable Maryland minimum wage which was $9.25 per hour beginning as of July 1, 2017, increasing to $10.10 per hour in July 2018, and then to $11.00 per hour beginning January 1, 2020. Defendants' unlawful failure or refusal to pay the required overtime and minimum wages was not in good faith within the meaning of the MWHL.

28. Defendants are liable to Plaintiff pursuant to the MWHL for his unpaid and illegally withheld minimum wage and overtime compensation, plus an additional equal amount as liquidated damages, court costs, reasonable attorneys' fees and expenses, and any other relief deemed appropriate by the Court.

29. The approximate amount owed to the Plaintiff based on the MWHL violations cannot be determined at this time because Plaintiff does not have access to the relevant time and payroll records which are in the exclusive possession of the Defendants.

**COUNT IV**
**VIOLATIONS OF THE MWPCL**
**Labor & Empl. Art., § 3-501, et seq.**

30. Plaintiff repeats and incorporates all allegations of fact set forth above.

31. At all times relevant to the Complaint, Plaintiff was an "employee" of all Defendants within the meaning of the MWPCL and Defendants were Plaintiff's "employer" within the meaning of the MWPCL.

32. Defendants failed to pay Plaintiff his overtime premium for the hours he worked

over 40 and in some weeks, failed to pay him the applicable minimum wage. By failing to pay these wages, Defendants willfully and intentionally violated Plaintiff's rights, under the MWPCL, and their unlawful failure or refusal to pay him the wages he was promised was not the result of a bona fide dispute within the meaning of the MWPCL.

33. Defendants are liable to Plaintiff pursuant to the MWPCL for his unpaid and illegally withheld wages and double liquidated damages, reasonable attorneys' fees and expenses.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that this Court grant him the following relief:

a. hold that Defendants' failure to post the requisite notice pursuant to 29 C.F.R. § 516.4 tolled the statute of limitations beginning on or about November 9, 2015 until such time as Plaintiff learned about his rights.

b. enter a judgment against Defendants, jointly and severally, and in favor of the Plaintiff in the amount of Plaintiff's respective unpaid and illegally withheld overtime wages since November 9, 2015, plus an equivalent amount as liquidated damages pursuant to 29 U.S.C. § 216 (b);

c. enter a judgment against Defendants, jointly and severally, and in favor of the Plaintiff in the amount of Plaintiff's unpaid and illegally withheld overtime and minimum wages, plus an equivalent amount as liquidated damages pursuant to the MWHL; and

d. award Plaintiff his costs and reasonable attorneys' fees incurred in this action, as provided in 29 U.S.C. § 216(b) and Md. Code Ann., Labor & Empl. §§ 3-427 and 3-507.2.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Respectfully submitted,

/s/Suvita Melehy
Suvita Melehy
Maryland Bar No.: 13068
MELEHY & ASSOCIATES LLC
8403 Colesville Road, Suite 610
Silver Spring, MD 20910
Telephone: (301) 587-6364
Facs: (301) 587-6308
Email: smelehy@melehylaw.com

/s/Andrew Balashov
Andrew Balashov
Maryland Bar No.: 19715
MELEHY & ASSOCIATES LLC
8403 Colesville Road, Suite 610
Silver Spring, MD 20910
Tel: (301) 587-6364
Fax: (301) 587-6308
Email: abalashov@melehylaw.com
*Attorneys for Plaintiff*