UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

| | | |
|---|---|---|
| RAUL HERNANDEZ GUZMAN | * | |
| Plaintiff | * | |
| v. | * | Civil Case No. 8:20-cv-2410-PX |
| KP STONEYMILL, INC., *et al.* | * | |
| Defendants | * | |

**MEMORANDUM OPINION**

This is a case alleging violations of the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.*, and other similar wage-related laws. ECF No. 1, at 2. Specifically, Plaintiff Raul Hernandez Guzman alleges that his former employers, KP Stoneymill and KP Wheaton – the operators of two King Pollo Chicken restaurants in Wheaton, Maryland, and other related persons, illegally withheld minimum wage and overtime compensation from him. *Id*. at 3. Pending before the Court is Plaintiff's Motion to Compel production of various time and payroll records related to Plaintiff and other employees.[1] ECF No. 35. The Court has reviewed the motion, related memoranda, and the applicable law. No hearing is deemed necessary. See Loc. R. 105.6 (D. Md.). For the reasons stated below, Plaintiff's Motion is granted in part, and denied in part, without prejudice.

---

[1] Plaintiff titles his filing a Motion to Compel Certificate of Conference of Counsel with Attached Motion to Compel. ECF No. 35. To facilitate a swift resolution of this matter, in light of the amount of time that has passed since this issue was initially raised with the Court, and given the substance of the Motion, related attachments and Defendants' response, which address the substance of the dispute, the Court will treat the filing as a Motion to Compel.

1

**BACKGROUND**

Defendants KP Stoneymill and KP Wheaton, the operators of two King Pollo Chicken Restaurants employed Plaintiff Raul Hernandez Guzman as a cook beginning in November 2015. ECF No. 1, at 2. Plaintiff alleges that for approximately five years he regularly worked around seventy-two hours per week. *Id*. at 4. Defendants, however, paid him a flat-rate no matter how many hours he worked each week. *Id*. at 5. As a result, on several occasions, Plaintiff allegedly received less than the applicable minimum wage under Maryland State law. *Id*. Plaintiff alleges that Defendants paid him, in part, via check, and, in part, via cash. *Id*. Specifically, regarding the discovery dispute currently before the Court, Plaintiff further alleges that Defendants used a computer program named "JK Restaurant" to track various metrics related to the performance of the businesses, including employment time. ECF No. 35-1, at 7.

On August 20, 2020, Plaintiff filed suit in this Court, alleging that Defendants' pay practices violated the Fair Labor Standards Act, the Maryland Wage and Hour Law, Md. Code Ann., Labor & Empl. § 3-415, *et seq.*, and the Maryland Wage Payment and Collection Law, Md. Code Ann., Labor & Empl. Art., § 3-501, *et seq.* ECF No. 1, at 2. According to Plaintiff, the parties dispute "the number of hours Plaintiff worked, when he started and stopped working each day, the days he worked, the number of breaks he took and the length of those breaks, how much Plaintiff was paid, whether the violations were willful under the FLSA, and whether Defendants' failure to comply with the FLSA was in good faith." ECF No. 35-1, at 3. Plaintiff requested "all records probative of these issues in discovery, including the time and pay records for Plaintiff's co-workers, Plaintiff's own time and payroll records, and any other records which are probative of Plaintiff's work hours, lunch breaks, etc., including Electronically Stored Information (ESI) from the JK Restaurant program." *Id*.

Discovery in this case was initially set to close on March 15, 2021. ECF No. 12, at 2. However, as the parties have conceded, discovery was delayed for reasons beyond either party's control. ECF No. 18, at 2. Accordingly, the parties twice consented to an extension of the discovery period, resulting in an amended close of discovery date of December 6, 2021. ECF No. 20, at 1, 4. Before discovery closed, on November 12, 2021, Plaintiff filed a Request for Leave to File a Motion to Compel based on Defendants' alleged failure to produce various time records related to Plaintiff and other employees. ECF No. 22. On November 16, 2021, the case was referred to the Honorable Charles Day for the limited purpose of resolving any discovery disputes in the case.[2] ECF No. 23. On November 22, 2021, Defendants submitted a letter response in opposition to Plaintiff's request for leave to file a motion to compel. ECF No. 37-2. On December 2, 2021, Plaintiff asked the Court for a third extension of the discovery period, which Defendants opposed, to resolve the remaining discovery disputes between the parties. ECF Nos. at 25, 27. On February 1, 2022, the Court denied Plaintiff's third request for the extension of the discovery period, but stated that Plaintiff could re-file the motion if it prevailed on its Motion to Compel. ECF No. 31.

On April 12, 2022, Plaintiff filed, as an attachment, the Motion to Compel currently before the Court, asking me to order Defendants KP Stoneymill and KP Wheaton to produce: 1) handwritten records contained in one or more hard copy journals or ledgers dating from November 1, 2015 to October 31, 2020, ECF No. 35-1 at 6; 2) remaining unproduced time records from Plaintiff's time employed by Defendants, *id*. at 7-8; and 3) summaries of time records, and related information, for all of Plaintiff's other employees between November 1, 2015 and October 30,

---

[2] On April 12, 2022, the Honorable Judge Day retired after over twenty-five years of service to the Court and the larger public.

3

2015, including for each entry, the employee's name, position, hourly rate, regular hours, overtime hours, regular wages, overtime wages, total wages, server sales, charged tips, cash tips, and labor costs, *id*. at 10-11.[3] On May 24, 2022, Defendants responded to Plaintiff's motion, generally asserting the burden of litigation on Defendants. ECF No. 37. The main filing did not specifically respond to Plaintiff's Motion, but included as an attachment the November 22, 2021 letter which addresses the substance of some of Plaintiff's requests. ECF No. 37-1.

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 37(a) "authorizes the basic motion for enforcing discovery obligations." CHARLES ALAN WRIGHT, ET AL., 8B FED. PRAC. & PROC. CIV. § 2285 (3d ed. 1998). Where a party fails to answer a request for production of documents, the Rule allows the opposing party to move for an order compelling an answer. Fed. R. Civ. P. 37(a)(3)(B)(iv). The moving party must certify in the motion that it has conferred, or attempted to confer, in good faith with opposing counsel in an effort to obtain the desired material without court involvement. Fed. R. Civ. P. 37(a)(1). District courts enjoy substantial discretion in managing discovery, including granting or denying motions to compel. *Lone Star Steakhouse & Saloon, Inc. v. Alpha of Virginia, Inc.*, 43 F.3d 922, 929 (4th Cir.1995).

## ANALYSIS

As noted above, Plaintiff seeks production of three categories of documents: 1) five years of journals and/or ledgers maintained by Defendants; 2) complete time records for Plaintiff during the course of his employment for Defendants; and 3) detailed time and salary records for all employees of Defendants over a five-year period. I address each request in turn below.

---

[3] On April 29, 2022, this case was transferred to my chambers from the Honorable Charles Day.

I.  **Handwritten Journals and Ledgers**

Plaintiff seeks production of all handwritten journals and ledgers from November 1, 2015 to October 30, 2020.  Plaintiff alleges that these journals are relevant because they document the date and amount of payment to Defendants' employees, and include signatures from the Plaintiff documenting the receipt of payment.  ECF No. 35-1, at 4-5.  Plaintiff concedes that Defendants have produced excerpts from the journals for the Plaintiff, but asks the Court to order production of the journals in their entirety, including entries for all employees.  *Id*. at 4.

Plaintiff justifies this request by asserting that it has retained a forensic examination expert who will examine the entries for Plaintiff and Defendants' other employees to prove that the information regarding the amount of payment each employee received was added after each employee signed the document.  *Id*. at 5.  Specifically, Plaintiff asserts that when he signed the journal, it included only a date, but no salary information.  *Id*. at 4.  Further, the entries related to Plaintiff include an annotation next to each entry; accordingly, Plaintiff alleges that if similar annotations are included next to entries for other employees, this will be evidence that the document was forged.  *Id*. at 5.  Additionally, Plaintiff asserts that if the Court orders Defendants to produce the journals, it intends to use the journals to depose other employees regarding the amounts they were paid, providing further evidence of Defendants' underpayment of Plaintiff.  *Id*. at 5-6.  Finally, Plaintiff asserts that because Defendants have produced only torn pages from the journals, Defendants may have destroyed the remaining portions of the journals or ledgers.  *Id*. at 6.

Defendants' letter responds to this point by generally asserting that Plaintiff has yet to produce an expert opinion, despite the fact that the deadline for discovery has passed, *id*. at 37-2,

at 3, and that the entries related to Plaintiff alone should be sufficient for the expert to complete their work. *Id*. at 3.

Plaintiff has explained the relevance of the materials and Defendants have failed to provide any specific response. As Plaintiff has explained, the reason that Plaintiff has yet to produce any expert opinion is that the expert does not have the information sufficient to complete their analysis. Furthermore, while discovery may have closed, expert discovery is not set to occur until after dispositive motions are resolved. ECF No. 16. Defendants provide no response on either point. Likewise, Defendants provide no response to Plaintiff's explanation as to why Plaintiff's entries, by themselves, are insufficient for the expert to conduct their analysis. Accordingly, the production of additional journals and/or ledgers is a reasonable request.

That said, despite the relevancy of the documents, as Defendants allude to, the Federal Rules of Civil Procedure require me to consider the burden of production on the producing party. Fed. R. Civ. P. 26(b)(1). It is unclear, at this time and from the current filings, why Plaintiff's expert requires five years of journals to complete their work. Notably, Plaintiff does not provide any affidavits or other evidence supporting his assertions regarding the number of journals the expert needs to conduct his analysis. Accordingly, I will begin by ordering the production of two years of journals – November 1, 2018 to October 30, 2020 – for all employees. This accords with the general statute of limitations for an alleged FLSA violation, 29 U.S.C. § 255(a); will allow the expert multiple years of complete documents to begin and, potentially, complete his work; and will provide multiple years of time entries which Plaintiff can use to depose any witnesses which worked for Defendants during that time period.

Once Defendants have produced these journals and Plaintiff and Plaintiff's expert have reviewed them, Plaintiff may return to Court to seek the production of up to three additional years

of journals, explaining, with the support of an affidavit by Plaintiff or Plaintiff's expert or other relevant evidence, the need for the additional years of journals. If Plaintiff comes forward with this request and supporting information, Defendants should explain specifically, with the support of an affidavit from the Defendants or their employees or other evidence, the specific burden that would be placed on it from making the expanded production.

This case is not a class action or a case in which a Plaintiff is alleging the existence of a Defendant's unlawful policy or practice in which expanded discovery regarding persons other than the Plaintiff or the named plaintiffs is necessary to prove the claim. Accordingly, in a different case, broader discovery may be appropriate without the additional support this Order requests.

## II. Complete Time Records for the Plaintiff

Plaintiff asserts that although Defendants have produced some time records for Plaintiff, KP Stoneymill's production is "missing large blocks of data i.e., time entries from June 20, 2019 to June 29, 2020, November 1, 2015, to August 19, 2017, and August 10, 2020 to the end of Plaintiff's employment in October 2020." ECF No. 35-1, at 7-8. KP Wheaton, likewise, has allegedly only produced one week of time records. *Id*. at 7. Defendants' letter is silent as to why these records have not been produced. Records of how many hours a Plaintiff has worked and how much the Defendant paid or did not pay them is highly relevant in a Fair Labor Standards Act case. *See Sec'y United States DOL v. Am. Future Sys.*, 873 F.3d 420, 425 (3rd Cir. 2017) ("The FLSA governs compensation for 'hours worked.' (internal citation omitted)).

Accordingly, I order the complete production of all requested time records for Plaintiff during the relevant time periods identified in Plaintiff's Motion. If Defendants are no longer in the possession of time records for such periods, Plaintiff may either demand an explanation under a previously issued relevant interrogatory or issue a supplemental interrogatory request related to

the specific circumstances as to why these records are unavailable. If these fail to elicit a concrete answer, Plaintiff may seek leave to depose Defendants or Defendants' representative as to the unavailability of the documents. If these efforts fail to elicit a response, Plaintiff may return to the Court for further relief.

### III.     Time Records for Other Employees

Finally, Plaintiff requests electronically stored summaries of time and related records for all other employees of Defendants during a five-year period. Plaintiff asserts that these records are relevant under various cases holding that evidence of underpayment of non-Plaintiff employees may be used to support a claim by a Plaintiff in a FLSA case that they were willfully underpaid. *See* ECF No. 35-1, at 8-9 (citing *Wright v. AARGO Sec. Services, Inc.*, No. 99CIV9115CSH, 2000 WL 264326, at *2 (S.D.N.Y. Mar. 9, 2000) (finding that overtime worked by other employees was relevant to reconstructing hours worked by plaintiffs absent records as well as willfulness under FLSA); *Mumby v. Pure Energy Services*, 09-CV-0077-ABJ, 2009 WL 10676843, at *1–2 (D. Wyo. Oct. 27, 2009) ("The systematic and basic failure to comply with the FLSA with respect to other employees is evidence of defendant's willful conduct as to all its employees"); *Chen v. Republic Restaurant Corp.*, No. 07CIV3307, 2008 WL 793686, at *4 (S.D.N.Y. March 26, 2008) (same)). Plaintiff has asserted that it has offered to reduce the burden on Defendants from the production of such records by conferring as to whether global reports can be generated which include the information requested in a single chart, as opposed to piecemeal productions for each employee. ECF No. 35-1, at 7. However, Plaintiff asserts that Defendants have refused to meet and confer as to the tracking system's report generating capabilities. *Id*.

Defendants' letter responds that it has produced the requested summary chart for Plaintiff, but Defendants refuse to produce information for other employees, because it would potentially

open them up to additional liability from other employees. ECF No. 37-2, at 2. Potential future civil liability based on evidence of unlawful activity that discovery may reveal is not a legitimate basis to refuse to respond to discovery. Although courts may, to an extent, shield recipients of discovery requests from making productions which would evidence criminal liability or where the public disclosure of the documents or the information therein would create civil liability, Defendants provide no authority, and I am aware of none, whereby a party may refuse to produce documents because the documents are themselves evidence of wrongdoing which would not create, but make public, evidence of civil liability. *See ePlus Tech., Inc. v. Aboud*, 313 F.3d 166, 179 (4th Cir. 2002) (explaining that although a Defendant may not be compelled to answer a discovery request which would be evidence of criminal liability, the Fifth Amendment does not prohibit the fact finder from drawing adverse inferences from the refusal to answer); *Kraft v. Yarborough*, No. PJM-14-936, 2014 WL 11395642, at *2 (D. Md. Oct. 15, 2014) (requiring that the parties agree to a protective order before the production of medical information subject to the Health Information Portability and Accountability Act). Importantly, Defendants makes no argument regarding any alleged burden specifically from producing the Labor Summaries requested.

Accordingly, I order Defendants to produce the Labor Summaries requested by Plaintiff for Defendants' other employees for three years – from November 1, 2017 to October 30, 2020. This time-period reflects the statute of limitations for a willing violation of the FLSA, which is what the summaries will allegedly provide evidence of. 29 U.S.C. § 255(a). As with the portion of my order relating to the requested paper journals and ledgers, once Plaintiff has reviewed these entries, he may return to the Court to seek production of the Labor Summaries for the other two years requested. If he chooses to make this request, Plaintiff should specifically explain why the

additional two years would be helpful, with reference to the records that have already been produced, and relatedly, why the three years of labor summaries by themselves are insufficient. If Defendants oppose this further request, they should indicate the specific burden that the additional production would impose, noting the conclusion above regarding the lack of burden created by potential future civil liability. In response, I may, upon a sufficient showing of burden, limit the categories of employees for which additional production is needed during the remaining two years. As noted above, broader discovery may be appropriate at the outset in a broader case.

## CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Compel is granted regarding: 1) all requested journals and ledgers related to Defendants' payment of employees from November 1, 2018 to October 30, 2020; 2) all electronically stored time records requested for Plaintiff during the periods Plaintiff has identified; and 3) Labor Summaries, including the fields Plaintiff has identified, for all employees of Defendants from November 1, 2017 to October 30, 2020. Defendants shall produce these three categories of documents within thirty days. I deny, without prejudice, Plaintiff's request regarding the other records, with the caveat that Plaintiff may compel the remaining records, as discussed above, at a later time and upon a sufficient showing of need.

So ordered.

Date: May 27, 2022                                             _____/s/_____
                                                                              Ajmel A. Quereshi
                                                                              U.S. Magistrate Judge