UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

| | | |
|---|---|---|
| RAUL HERNANDEZ GUZMAN | * | |
| Plaintiff | * | |
| v. | * | Civil Case No. PX-20-cv-2410 |
| KP STONEYMILL, INC., *et al.* | * | |
| Defendants | * | |

**REPORT AND RECOMMENDATION**

This is a case alleging violations of the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.*, and other similar wage-related laws. ECF No. 1, at 2. Specifically, Plaintiff Raul Hernandez Guzman alleges that his former employers, KP Stoneymill and KP Wheaton – the operators of two King Pollo Chicken restaurants in Wheaton, Maryland, and other related persons – illegally withheld minimum wage and overtime compensation from him. *Id*. at 3. Pending before the Court is Plaintiff's Motion for Sanctions for Defendants' Violation of the Court's May 31, 2022 Order. ECF No. 41. For the reasons discussed below, I recommend that Plaintiff's Motion be granted, in part, and denied, in part.

**BACKGROUND**

The facts of this case are recounted in detail in the Court's Memorandum Opinion of May 31, 2022. No. 8:20-cv-2410-PX, 2022 WL 1748308, at *1-2 (D. Md. May 31, 2022). In short, Defendants KP Stoneymill and KP Wheaton, the operators of two King Pollo Chicken Restaurants, employed Plaintiff Raul Hernandez Guzman as a cook beginning on or around November 2015. ECF No. 1, at 2. Plaintiff alleges he regularly worked around seventy-two hours per week for approximately five years. *Id*. at 4. Defendants, however, paid him a weekly flat rate no matter

1

how many hours he worked. *Id*. at 5. As a result, on several occasions, Plaintiff allegedly received less than the applicable minimum wage under Maryland State law. *Id*. Plaintiff alleges that Defendants paid him, in part, via check, and, in part, via cash. *Id*. Specifically, regarding the dispute currently before the Court, Plaintiff further alleges that Defendants used a computer program named "JK Restaurant" to track various metrics related to the performance of the businesses, including employment time. ECF No. 35-1, at 7. On August 20, 2020, Plaintiff filed suit in this Court, alleging that Defendants' pay practices violated the Fair Labor Standards Act, the Maryland Wage and Hour Law, Md. Code Ann., Labor & Empl. §§ 3-415, *et seq*., and the Maryland Wage Payment and Collection Law, Md. Code Ann., Labor & Empl. Art., §§ 3-501, *et seq*. ECF No. 1, at 2.

On April 12, 2022, Plaintiff filed a Motion to Compel asking the Court to order Defendants to produce: 1) handwritten records contained in one or more hard copy journals or ledgers dating from November 1, 2015 to October 31, 2020, ECF No. 35-1 at 6; 2) remaining unproduced time records for the Plaintiff from the period when Defendants employed him, *id*. at 7-8; and 3) summaries of time records, and related information, for all of Defendants' other employees between November 1, 2015 and October 30, 2020, including for each entry, the employee's name, position, hourly rate, regular hours, overtime hours, regular wages, overtime wages, total wages, server sales, charged tips, cash tips, and labor costs, *id*. at 10-11.[1]

On May 31, 2022, the Court granted, in part, and denied, in part, Plaintiff's Motion to Compel. 2022 WL 1748308, at *1. Specifically, I ordered that Defendants produce within thirty days: 1) all requested journals and ledgers related to Defendants' payment of employees from November 1, 2018 to October 30, 2020; 2) all electronically stored time records requested for

---

[1] On April 29, 2022, this case was transferred to my chambers from the Honorable Charles Day.

Plaintiff during the periods Plaintiff identified in its Motion to Compel; and 3) Labor Summaries, including the fields Plaintiff identified, for all of Defendants' employees from November 1, 2017 to October 30, 2020. 2022 WL 1748308, at *5.

Despite the Court's Order, Defendants failed to produce the relevant records within the time period required. ECF No. 41, at 1. On July 6, 2022, Defendants produced some documents, but, according to Plaintiff, the documents produced did not completely respond to the Court's Order. *Id.* at 2. Specifically, Plaintiff alleges that: 1) Defendants did not produce any Labor Summaries for employees other than the Plaintiff; 2) some of the Labor Summaries Defendants produced failed to identify a specific individual with which they were associated; 3) Defendants did not produce any written journals or any copies of written journals from prior to September 2019; 4) Defendants did not produce complete original copies of any written journals; and 5) the time records that Defendants produced related to Plaintiff were missing large blocks of time. *Id.* at 2. On July 11, 2022, Plaintiff emailed Defendants to highlight these alleged deficiencies, but did not receive a response. *Id.*

Accordingly, on July 27, 2022, Plaintiff filed the pending Motion for Sanctions, asking the Court to enter default judgment against the Defendants. ECF No. 41, at 7. Alternatively, Plaintiff asks the Court to: 1) preclude the Defendants from relying upon, testifying about, or introducing as evidence the handwritten journal entries for Plaintiff for any period where Defendants did not produce all of the journal entries for their other employees; and 2) preclude the Defendants from contesting Plaintiff's testimony about the hours he worked for any period between November 1, 2015 to October 31, 2020 for which Defendants have failed to produce complete time records. *Id.* On July 29, 2022, the Motion was referred to my chambers for a Report and Recommendation. ECF No. 42.

On August 19, 2022, Defendants filed their "Response" to Plaintiff's Motion for Sanctions. ECF No. 45. Although termed a Response, the document was simply a declaration from one of the owners of the restaurants that Defendants had produced additional documents on or around that date. *Id.* Namely, the declarant stated that Defendants had produced: 1) journals and ledgers containing the pay records for seventeen of Defendants' employees from November 1, 2018 to October 30, 2020; and 2) electronically stored Labor Summaries for twenty-one of Defendants' employees from November 1, 2015 to October 30, 2020. *Id.* Defendants additionally affirmed that no other documents responsive to the Court's May 31 order were in their possession or control. *Id.*

On August 26, 2022, Plaintiff filed a Reply in Support of their Motion for Sanctions, arguing that despite the Defendants' production of the additional documents – including some Labor Summaries which were beyond the Court's May 31 Order – the Court should grant Plaintiff's Motion because: 1) Defendants filed their response out of time and without counsel's signature, ECF No. 47, at 2; 2) Defendants failed to produce complete time records for the Plaintiff, *id.* at 4; 3) Defendants delayed production of Labor Summaries for its other employees precluded Plaintiff from questioning them regarding their time records, *id.*; and 4) Defendants' failure to produce the original journals, as opposed to merely copies, precluded Plaintiff's expert from conducting her analysis, *id.* at 4-5.

On September 26, 2022, I held a Motions Hearing, during which Plaintiff indicated that, if the Court reopened discovery, he anticipated seeking discovery from, at most, three other employees of Defendants, which could be taken within sixty days. ECF No. 50. I also asked Plaintiff to provide a supplemental filing specifically addressing why original versions of the journals were needed and whether Plaintiff's expert could travel to Defendants' offices to review

original versions of the journals. *Id.* On September 30, 2022, Plaintiff filed the requested supplement providing the requested explanation and stating that the expert could travel to inspect the journals. ECF No. 51, at 1-2. Specifically, Plaintiff stated:

> One of the issues that [Plaintiff's expert] will look at is whether certain entries pertaining to what Plaintiff was paid were made contemporaneously with other writing on the same or other pages or whether the entries were added later, and possibly after this lawsuit was filed. Answering this question will involve analyzing whether the ink was put down over top of existing indented writing . . . comparing the color, consistency or different inks present on the page, or comparing the style of different handwriting present in the journal by precisely analyzing the pen strokes and how they were made. [The expert] will also need to try and determine whether any pages have been removed from the journal or whether the content has otherwise been altered in any way. A copy of the journal makes the foregoing analysis nearly impossible because [Plaintiff's expert] will be unable to examine the ink itself and the paper itself.

*Id.* at 2.

## STANDARD OF REVIEW

Fed. R. Civ. P. 37 grants district courts wide discretion to impose sanctions for a party's failure to comply with its discovery orders, including entry of default judgment. *See, e.g., Mutual Fed. Sav. & Loan Ass'n v. Richards & Assoc., Inc.,* 872 F.2d 88, 92 (4th Cir.1989). Similarly, district courts have the "inherent power" to sanction a party, including directing entry of default or dismissal of an action, when a party abuses the judicial process at a level that is utterly inconsistent with the orderly administration of justice or undermines the integrity of the process. *Projects Mgmt. Co. v. Dyncorp Int'l, LLC,* 734 F.3d 366, 373–74 (4th Cir. 2013) (citing *U.S. v. Shaffer Equipment Co.,* 11 F.3d 450, 461 (4th Cir. 1993)).

## ANALYSIS

I.   **The Court Should Consider Defendants' Response.**

As an initial matter, Plaintiff argues that the Court should ignore Defendants' Response because it was untimely filed and the Response was not signed by an attorney. ECF No. 47, at 1-3. Although Plaintiff correctly raises multiple concerns regarding Defendants' conduct, I recommend that the Court consider the Response, because it includes important information regarding the actual status of the discovery in the case.

Local Rule 105.2(a) requires that "[u]nless otherwise ordered by the Court, all memoranda in opposition to a motion shall be filed within fourteen (14) days of the service of the motion[.]" U.S. Dist. Ct. Rules D. Md., Local Rule 105.2(a) (2021). Likewise, Local Rule 102.1(a)(i) provides that "[w]hen a party is represented by counsel, the Clerk shall accept for filing only documents signed by a member of the Bar of this Court whose appearance is entered on behalf of that party." *Id.* at 102.1(a)(i). Whether the Court strikes a motion that fails to comply with these Rules is within the Court's discretion. *See H & W Fresh Seafoods, Inc. v. Schulman*, 200 F.R.D. 248, 252 (D. Md. 2000) (explaining that Local Rule 105.2(a) "does not specify the consequence to be administered if that deadline is not met. In its discretion, therefore, the court may hear an untimely opposition."). That said, "it is not uncommon for this Court to, in its discretion, strike filings for failure to comply with the Local Rules." *See Trust v. Prestige Annapolis, LLC*, No. 16-00544-JMC, 2017 WL 3085680, *7 (D. Md. Jul. 20, 2017).

I recommend that the Court consider the Response for two reasons. First, the day before the filing, Defendants provided additional documents materially altering the status of the discovery dispute between the parties. ECF No. 45; ECF No. 47, at 4. To simply ignore that these additional documents were provided and decide the Motion as if the documents did not exist would be at odds with the actual facts of the case. This is not to say that Defendants' failure to comply with the Court's Order and Local Rules is without consequence. As discussed below, because of

Defendants' delay and despite their objections, I am recommending that discovery be re-opened for a limited period of time so that Plaintiff may conduct additional discovery related to the documents belatedly produced.

Second, Defendants' counsel has recently requested to withdraw from the case.[2] ECF No. 48. Accordingly, the Court may reasonably conclude that Defendants' failure to comply with the applicable rules is due, in part, to fissures in the relationship between Defendants and their counsel, as opposed to solely intentional malfeasance. *See Johnson v. Devos*, No. GJH-15-1820, 2017 WL 3475668, *1 (D. Md. Aug. 11, 2017) ("It would appear that Plaintiff may have been 'between attorneys' when he filed, notwithstanding [plaintiff counsel's] failure to withdraw. The Court thus will, in its discretion, entertain the merits of [the] Motion, and deny Defendants' Motion to Strike.").

## II. Limited Sanctions Are Appropriate.

Courts in the Fourth Circuit must consider four factors in determining what sanctions to impose for a party's discovery misconduct: "(1) whether the non-complying party acted in bad faith; (2) the amount of prejudice that noncompliance caused the adversary; (3) the need for deterrence of the particular sort of non-compliance; and (4) whether less drastic sanctions would be sufficient." *Southern States Rack & Fixture, Inc. v. Sherwin–Williams Co.,* 318 F.3d 592, 597 (4th Cir. 2003) (quoting *Anderson v. Found. for Advancement, Educ. & Employment of Am. Indians,* 155 F.3d 500, 504 (4th Cir. 1998)). As discussed below, sanctions are appropriate in this case – though less severe than the ones Plaintiff has requested.

### A. Defendants Should Not Be Able to Rely on Time Records Related to the Plaintiff Other Than Those Already Produced.

---

[2] Defendants also noted in a May 24, 2022 filing related to Defendants' failure to timely produce documents that they were seeking replacement counsel. ECF No. 37, at 1.

7

Plaintiff alleges that Defendants have failed to produce time records for Plaintiff relating to the period between June 20, 2019, and June 29, 2020. ECF No. 47, at 4. Defendants have submitted an affidavit to the Court representing that they have no time records related to the Plaintiff other than those already produced. ECF No. 45. Accordingly, accepting Defendants' representation as true, the issue has been resolved. Because Defendants have no additional records to produce, the Court cannot order Defendants to produce any such records or penalize Defendants for not producing them.

That said, to the extent that Defendants subsequently claim that they have additional records, I recommend that the Court disregard such records. As noted above, Defendants have had ample opportunity to search for and produce such records. Furthermore, if Defendants subsequently discover that they have such records, after pledging to the Court that they do not, it would be clear that Defendants would have acted in bad faith. Likewise, any such change would prejudice the Plaintiff and interfere with the efficient administration of justice. As Plaintiff notes, he initially moved to compel these records almost eleven months ago. ECF No. 22. Defendants' failure to produce such documents would continue to extend a nearly year-long delay and further deny Plaintiff the opportunity to have his claims adjudicated. Additionally, this type of conduct – false representations to the Court – would be severe and, thus, would require sanction by the Court. Finally, given any further delay that would result and Defendants' present representation that it has no such documents, I cannot conclude that a less narrow sanction would adequately deter Defendants.

### B. Discovery Should be Extended for Approximately Sixty Days.

Additionally, Plaintiff argues that Defendants should be sanctioned for their: 1) delay in producing time records for Defendants' other employees; and 2) failure to produce originals of the

handwritten journals.  ECF No. 41, at 1.  As discussed below, while I agree that sanctions are appropriate, the prejudice resulting from these actions may be adequately addressed by an extension of the discovery period for sixty days.

### 1. Labor Summaries for Defendants' Other Employees

As noted above, on May 31, 2021, I ordered that Defendants produce, within 30 days, Labor Summaries for their other employees for the time-period from November 1, 2017, to October 30, 2020.  ECF No. 38, at 10.  Defendants failed to comply with the Court's order in a timely manner.  However, when Defendants produced the ordered time records, they produced not only the three years of Labor Summaries ordered, but an additional two years of Labor Summaries, which the Plaintiff originally sought, but the Court did not order produced.  Nonetheless, as Plaintiff highlights in his Reply, Defendants' delay in producing these records has precluded him from questioning other employees regarding the accuracy of these records, given the close of discovery.  Thus, Plaintiff argues that, despite the production of the records he sought, the Court should preclude Defendants from contesting Plaintiff's representations about the number of hours he worked during the time-period in dispute.  Defendants provide no substantive response other than generally asserting the costs of litigation.

While I agree that Defendants' conduct raises serious concerns, I must consider whether a narrower sanction than that which Plaintiff has proposed would adequately address Defendants' conduct.  In response to the Court's inquiries at the Motions Hearing, Plaintiff indicated that he would need sixty additional days to depose, or otherwise seek discovery from, three other employees regarding the accuracy of their time records.  While I recognize the additional delay to the Plaintiff from Defendants' delayed production, allowing such an extension is preferable to Plaintiff's proposed approach which would have the Court proceed upon an incomplete, or worse,

an inaccurate factual record. Furthermore, as discussed above, I note that the delays may be, in part, a result of the difficulties Defendants are having with their current counsel.

That said, there must be some limit to the Court's extensions arising from Defendants' failure to timely comply with the Court's Orders. If the Defendants continue to delay complying with the Court's discovery orders, more serious sanctions will likely be appropriate. For the time being, a sixty-day extension of the discovery period would adequately allow a development of the factual record, given Defendants' delay in producing the documents requested, while not imposing a sanction more severe than necessary to address Defendants' conduct.

### 2. Original Versions of the Handwritten Journals

Likewise, on May 31, 2022, I also ordered Defendants to produce, within thirty days, two years of handwritten journals – dating from November 1, 2018, to October 30, 2020 – for all employees. ECF No. 38, at 10. Again, Defendants failed to comply with the Court's order in a timely manner. Rather, on August 18 – after the deadline set by this Court – Defendants produced copies of two years of handwritten journals. Despite the production of the copies of the journals requested, Plaintiff argues that sanctions are nonetheless appropriate because copies are insufficient for the expert to conduct her work, as the expert must see originals of the journals to accurately determine whether particular entries were untimely entered or plagiarized. ECF No. 51, at 1-2. In response to the Court's inquiries, Plaintiff indicated that his expert estimated that she could travel to inspect the journals. *Id.*. at 1. Defendants did not respond to Plaintiff beyond generally asserting the costs of litigation.

As with Defendants' failure to timely respond to the Court's order to produce Labor Summaries, Defendants' failure to timely produce handwritten journals – copies or originals – raises serious concerns. Even accepting Defendants' allegation that they understood copies to be

sufficient to satisfy the Court's Order, this does not excuse the more than six-week delay in responding to the Court's Order. That said, an entry of default judgment or precluding Defendants from contesting Plaintiff's testimony regarding the handwritten records would not be an appropriate sanction at this time. As noted above, even if all other factors weigh in Plaintiff's favor, the Court must consider whether a narrower sanction would appropriately address Defendants' conduct. Defendants' delay in producing the documents requested may be addressed through an order requiring Defendants to make originals of the journals available to Plaintiff for inspection within the next sixty days. This narrower sanction accounts for Defendants' arguable attempt, although untimely, to comply with the Court's previous Order, *see* Fed. R. Civ. P. 34(a) (requiring that a party either produce a document or make it available for inspection), the Court's interest in ensuring that it acts upon an accurate factual record, and the role that difficulties between Defendants and their counsel may have played in the delayed production of the documents. That said, the more serious sanctions Plaintiff has requested will likely be appropriate if further delays continue.

## CONCLUSION

For the foregoing reasons, I recommend that the Court re-open discovery for a period of sixty days. During those sixty days, Plaintiff may depose up to three other former employees of Defendants whose time records Defendants have produced in response to the Court's May 31 Order. Additionally, Defendants shall make original versions of the handwritten journals available to Plaintiff's expert at Defendants' offices, allowing her to conduct any expert analysis reasonably necessary to compose her report. To the extent that the parties are unable to agree to the details of any such inspection, they may seek further guidance from the Court.

Objections to this Report and Recommendation must be served and filed within fourteen days, pursuant to Fed. R. Civ. P. 72(b) and Local Rule 301.5(b).

Date: November 7, 2022                              /s/
                                              Ajmel A. Quereshi
                                              U.S. Magistrate Judge