**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**
**(SOUTHERN DIVISION)**

RAUL HERNANDEZ GUZMAN,                    *

                   Plaintiff,                    *

             v.                    *          Case No. 8:20-cv-2410-PX

KP STONEYMILL, INC., *et al.*,                    *

                 Defendants.                    *

**REPORT AND RECOMMENDATION**

This is a case concerning a restaurant's failure to adequately pay one of its employees according to state and federal law. Pending before the Court is Plaintiff Raul Hernandez Guzman's unopposed Motion for Attorney Fees and Costs, ECF No. 87, referred to the undersigned's Chambers by the Honorable Paula Xinis, ECF No. 93. For the reasons explained below, I recommend that the Motion be partially granted: the fee award should be reduced to $91,335.00 to comport with the rates specified in Appendix B to this Court's Local Rules, whereas the full amount of costs requested, $15,055.31, should be awarded. This results in a total of $106,390.31.

**BACKGROUND**

The facts of this case are detailed in Judge Xinis's Memorandum Opinion. ECF No. 67, at 1-3. Accordingly, this Report and Recommendation will address only those facts relevant to the present Motion.

Plaintiff worked as a cook at two restaurants operated by Defendants KP Wheaton Inc. and KP Stoneymill, Inc., which are owned by Daesung Ji. *Id.* at 1-2. Plaintiff alleges that Defendants failed to pay him the required minimum wage and overtime for the duration of his employment,

1

and that neither restaurant posted required information informing employees about their rights under the law.  *Id.* at 2.

Plaintiff brought the present suit in August 2020 against both corporate Defendants and Mr. Ji, alleging violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, the Maryland Wage and Hour Law ("MWHL"), Md. Code Ann. Lab. & Empl. § 3-419, and the Maryland Wage Payment and Collection Law ("MWPCL"), Md. Code Ann., Lab. & Empl. §§ 3-503 & 3-505.  *Id.*; ECF No. 1, at 5-8.  Defendants retained counsel and answered the Complaint.  ECF Nos. 6, 9.  Numerous issues arose throughout discovery, ECF No. 53, at 1-5, ultimately resulting in the imposition of sanctions against Defendants, ECF No. 60.

In the midst of these discovery issues, Defendants' counsel withdrew from the case and Mr. Ji filed for personal bankruptcy, resulting in a stay of the case against him.  ECF No. 67, at 2-3, 2 n.2.  Although the Court provided Defendants time to obtain new counsel, no new counsel entered an appearance, and Defendants failed to submit any additional filings despite repeated notice of the proceedings via mail.  *Id.*  Following these developments, the Clerk entered default against Defendants in January 2023.  ECF No. 61.  Plaintiff subsequently moved for default judgment, which the Court granted.  ECF Nos. 67, 68.  In a January 22, 2024, Order, Judge Xinis directed Plaintiff to file a petition for attorneys' fees and costs.  ECF No. 68.  Plaintiff filed his Motion on March 6, 2024.  ECF No. 87.  Defendants have not filed an opposition to the Motion, though they have had more than a year to do so.

In his Motion, Plaintiff requests $106,495.50 in attorney's fees and $15,055.31 in costs. ECF No. 87.  In support, Plaintiff has submitted: his attorney's—Melehy & Associates LLC's—contemporaneous billing records, ECF No. 87-3; the Affidavit of Omar Vincent Melehy, ECF No. 87-4; the Affidavit of Bill Day, Esquire, an attorney operating in the same field, ECF No. 87-5;

the Affidavit of Suvita Melehy, ECF No. 87-6; the Retainer Agreement for this case, ECF No. 87-7; records of the costs incurred in this case, ECF No. 87-8; a Wolters and Kluwer survey of rates charged in similar cases, ECF No. 87-9; the Affidavit of Emily Wilson, a paralegal who worked on this case, ECF No. 87-10; the Legal Services Index ("LSI") Adjustment of Appendix B hourly rates, ECF No. 87-11; a copy of the Fitzpatrick Matrix, ECF No. 87-12; and the Affidavit of Joe Espo, another attorney operating in the same field, ECF No. 87-13.

On February 11, 2025, this case was referred to my Chambers for the limited purpose of preparing a Report and Recommendation on the pending Motion for Attorney's Fees and Costs. ECF No. 93.

## ANALYSIS

"Prevailing plaintiffs in wage and hour disputes are entitled to recover their attorneys' fees and legal expenses" under the FLSA and MWHL. *Velasquez Flores v. Elite Com. Cleaning, LLC*, No. AAQ-20-3600, 2024 WL 916250, at *2 (D. Md. Mar. 1, 2024). Both statutes provide that the Court "shall" award "reasonable" attorney's fees and costs. 29 U.S.C. § 216(b) (FLSA); Md. Code Ann. Lab. & Empl. § 3-427(d)(1)(iii) (MWHL). The MWPCL provides courts with discretion in awarding attorney's fees and costs. Md. Code Ann. Lab. & Empl. § 3-507(b)(1) ("[T]he court may award . . . reasonable counsel fees and other costs."). In all circumstances, "the amount of such fees 'is within the sound discretion of the trial court.'" *Velasquez Flores*, 2024 WL 916250, at *2 (quoting *Lippe v. TJML, LLC*, No. DKC-12-260, 2013 WL 5234230, at *2 (D. Md. Sept. 13, 2013)).

For this case, the proper award amounts to $91,335.00 in attorney's fees and $15,055.31 in costs. The Court addresses both below.

### I.    Attorney's Fees

"To properly calculate an attorney's fees award, courts undertake a three-step process: (1) determine a lodestar figure; (2) subtract fees for hours spent on unsuccessful claims unrelated to successful ones; and (3) evaluate the degree of success of the plaintiffs." *Randolph v. PowerComm Constr., Inc.*, 780 F. App'x 16, 21 (4th Cir. 2019) (per curiam). "Once a fee request is submitted, it becomes the responsibility of the party challenging the request to articulate the areas where an award would be inappropriate." *Barnes v. NCC Bus. Servs., LLC*, No. PJM-18-1473, 2019 WL 4141012, at *2 (D. Md. Aug. 30, 2019). "[T]he Court will not review any challenged entry in the bill unless the challenging party has identified it specifically and given an adequate explanation for the basis of the challenge." *Id.* (quoting *Thompson v. U.S. Dep't of Hous. & Urban Dev.*, No. MGJ-95-309, 2002 WL 31777631, at *10 (D. Md. Nov. 21, 2002)).

To determine the lodestar figure, the Court "multipl[ies] the number of reasonable hours expended times a reasonable rate." *McAfee v. Boczar*, 738 F.3d 81, 88 (4th Cir. 2013) (quoting *Robinson v. Equifax Info. Servs., LLC*, 560 F.3d 235, 243 (4th Cir. 2009)). In determining the reasonableness of billing rates and hours worked to be used in the lodestar calculation, the Fourth Circuit has directed courts to consider the following factors originally set forth in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974) (the "*Johnson* factors"):

> (1) The time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorney's opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (6) the attorney's expectations at the outset of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation, and ability of the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between attorney and client; and (12) attorneys' fees awards in similar cases.

*McAfee*, 738 F.3d at 88 & n.5. This task "should not result in a second major litigation," *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983), and courts need not "become . . . accountants" to

determine the proper award, *Fox v. Vice*, 563 U.S. 826, 838 (2011). "The essential goal in shifting fees . . . is to do rough justice, not to achieve auditing perfection." *Id*.

Though Plaintiff's Motion is unopposed, the determination of what constitutes a "reasonable" number of hours and hourly rate remains a matter within the Court's discretion. *See, e.g., Mercer v. Duke Univ.*, 401 F.3d 199, 211 (4th Cir. 2005) ("We have made it clear that the determination of a reasonable attorney's fee award is a decision for the district court to make, and the district court has broad discretion in that regard[.]"); *First Mariner Bank v. ADR L. Group, P.C.*, No. MJG-12-1133, 2015 WL 5255275, at *3 (D. Md. Sept. 8, 2015) ("District courts have wide discretion to determine the amount of legal fees upon a determination that a case is exceptional."). Accordingly, the Court will first review the rates and hours included in Plaintiff's Motion, and then will conclude with a final review of the lodestar figure.

### A.     Reasonable Rates

"A fee applicant is obliged to show that the[ir] requested hourly rates" are reasonable, in that they "are consistent with 'the prevailing market rates in the relevant community for the type of work for which [they] seek an award.'" *McAfee*, 738 F.3d at 91 (quoting *Plyler v. Evatt*, 902 F.2d 273, 277 (4th Cir. 1990)). The fee applicant bears the burden of proving reasonableness. *Robinson*, 560 F.3d at 244. In this District, the Court's market knowledge is "embedded in" Appendix B to this Court's Local Rules, which provides presumptively reasonable hourly rates tied to an attorney's years of experience. *Gonzalez v. Caron*, No. CBD-10-2188, 2011 WL 3886979, at *2 (D. Md. Sept. 2, 2011); *see* D. Md. Local R. App. B(3). While enhancements above the guideline rates are atypical, *id.*, significant upward departures may be warranted in particular circumstances, *Ramnarine v. Rainbow Child Dev. Ctr., Inc.*, No. PWG-17-2261, 2022 WL 16709764, at *7 (D. Md. Nov. 4, 2022). For example, higher rates could be appropriate if,

among other things, counsel took on representation of a party who may not otherwise be able to find legal representation, the litigation established new important legal precedent, or the case involved complex issues with multiple parties. *Id.*

Plaintiff proposes the following rates for the involved attorneys, all are greater than those in Appendix B: (1) Omar Vincent Melehy, who has 37 years of experience, at $625 per hour; (2) Suvita Melehy, who has 28 years of experience, at $575 per hour; (3) Andrew Balashov, who has 8 years of experience, at $350 per hour, and (4) paralegals and paraprofessionals at $180 per hour. ECF No. 87-1, at 4-5. In contrast, Appendix B provides the following ranges: $300-$475 per hour for an attorney with more than 20 years of experience, covering both Mr. and Ms. Melehy; $165-$300 per hour for an attorney with 5 to 8 years of experience like Mr. Balashov; and $95-$150 per hour for paralegal and paraprofessional work. D. Md. Local R. App. B(3).

An upward departure from the guidelines is not warranted here because this is a typical wage and hour case. Importantly, the Court does not find—and Plaintiff does not contend—that this case was particularly novel or complex. ECF No. 87-1, at 23 (stating "this case did not present any truly novel or difficult questions"). Although the litigation presented procedural challenges—such as discovery disputes, the bankruptcy of a Defendant, and the abandonment of the litigation by the remaining corporate Defendants—each was standard and familiar to experienced wage and hour counsel. *See id.* Further, many of "Plaintiff's motions, including the present one, have been unopposed, which has reduced the possibility that the[] motions would be denied." *Original Dells, Inc. v. Soul 1 Ent. Grp.*, TDC-23-95, 2025 WL 35927, at *3 (D. Md. Jan. 6, 2025). Nevertheless, the Court recognizes that pressing litigation under such circumstances presents its own difficulties. *See id.* However, the proper way to address those issues is to compensate counsel for that time, not to apply an upward adjustment of the hourly rates.

Plaintiff raises several arguments supporting an upward departure.  None are convincing, and most have been addressed numerous times within this District.  *See Camara v. Black Diamond Rest., LLC*, No. AAQ-23-1782, 2024 WL 4644635, at *3-6 (D. Md. Oct. 31, 2024).  Specifically, Plaintiff advocates that: Appendix B rates should be adjusted for inflation, ECF No. 87, at 3-6, 8-10; Judges in this District have utilized higher rates in other circumstances, *id.* at 4, 6, 23-26; and supporting affidavits from legal practitioners in the area, combined with an industry survey, suggest higher rates are customary, *id.* at 6, 8.  Each of these arguments has been "previously (and recently) rejected."  *Camara*, 2024 WL 4644635, at *4 (quoting *Fowler v. Tenth Planet, Inc.*, No. JRR-21-2430, 2024 WL 3738347, at *3 (D. Md. Aug. 9, 2024)) (addressing each of the preceding arguments).  In brief, although the Court acknowledges the increase in the rate of inflation, and further takes note of "affidavits and survey as useful datapoints, they do not supersede Appendix B's authority given the routine nature of this case."  *Id.* at *5.

Plaintiff points to several instances where his counsel was awarded higher rates, but most are distinguishable.  Several involve multiple plaintiffs, which merit a higher award, but this case has only one plaintiff.  ECF No. 87-1, at 23-25 (citing *Quijano v. Mizpah Build. Servs., LLC*, No. PJM-19-38 (D. Md.) (multiple plaintiffs); *Boyd v. SFS Comms., LLC*, No. PJM-15-3068 (D. Md.) (Rule 23 class action); *Alvarenga v. CCC USA LLC*, No. DLB-22-283 (D. Md.) (multiple plaintiffs); *Butler v. PP&G, Inc.*, No. JRR-20-3084 (D. Md.) (FLSA collective action)).  Others entail fees agreed upon through settlement, a situation which warrants higher rates due to the consent of the parties.  *Id.* at 25 (citing *Black v. Commodore Mgmt.*, No. TDC-23-864 (D. Md.); *Hernandez Velasquez v. Nelson Precast Prods. LLC*, No. LKG-21-2814 (D. Md))  Although one case presents similar circumstances, *id.* at 24 (citing *Orellana v. ACL Contractors*, DKC-19-2318 (D. Md.)), far more support application of rates within Appendix B's ranges in cases like this one.

*See Guillen v. Armour Home Improvement, Inc.*, No. DLB-19-2317, 2024 WL 1346838, at *3 (D. Md. Mar. 29, 2024). Indeed, there is a "clear consensus among judges in this district in [wage and hour] fee petition decisions . . . that the Guidelines rates are reasonable—including in cases involving [Plaintiff's counsel]." *Id.* (citing *De Parades v. Zen Nail Studio, LLC*, No. TDC-20-2432, 2023 WL 8235753, at *3 (D. Md. Nov. 28, 2023); *Carrera v. EMD Sales, Inc.*, No. JKB-17-3066, 2021 WL 3856287, at *6 (D. Md. Aug. 27, 2021); *Ramnarine*, 2022 WL 16709764, at *7). Decisions from this Court as recently as October 2024 underscore this point. *Camara*, 2024 WL 4644635, at *3-6.

Although the conditions warranting increased rates are not present here, the Court recognizes Plaintiff's attorney's wealth of experience and skill; thus, the Court recommends application of rates at the top end of Appendix B's respective ranges: $475 per hour for Mr. Melehy and Ms. Melehy, $300 per hour for Mr. Balashov, and $150 per hour for paralegals and paraprofessionals.[1] The Court notes, as it did in *Camara*, that this conclusion is limited to this particular case—"[a] departure, even a significant one, may be appropriate in a different case." 2024 WL 4644635, at *6.

### B.    Time and Labor Expended

In support of their Motion, Plaintiff's counsel has submitted an itemized list of hours and expenses along with a description for each entry explaining how the time was spent. ECF No. 87-3. As noted above, it is "the responsibility of the party challenging the request to articulate areas where an award would be inappropriate," *Barnes*, 2019 WL 4141012, at *2. "[T]he Court will not review any challenged entry in the bill unless the challenging party has identified it

---

[1] Plaintiff proposes that the Court adjust Appendix B rates for inflation using the Legal Services Index. ECF No. 87-1, at 8-10. Because the Court declines to make an adjustment, it need not assess the particular methodology proposed.

specifically and given an adequate explanation for the basis of the challenge," *Thompson*, 2002 WL 31777631, at *10. As Plaintiff's Motion is unopposed and the Court has been given no reason to question the accuracy of Plaintiff's request, the Court is under no obligation to assess each entry in counsel's time records. Nonetheless, out of an abundance of caution, the Court has reviewed the hours.

The documented tasks and time allotted to each phase of litigation appear reasonable, particularly in light of the many procedural challenges encountered in this litigation and the numerous hours counsel no charged upon review. ECF No. 87-3, at 1 (summarizing the total number of hours spent on each phase of the litigation, as well as the total hours sought after no charges). Counsel reports the following totals, excluding no-charged time:

- Pre-Filing Factual Investigation: 3.9 hours
- Drafting Pleadings and Service: 6.4 hours
- General Client Communication and Case Management: 20.8 hours
- Written Discovery and Depositions: 101.4 hours
- Calculating Damages: 20.8 hours
- Settlement Discussions and ADR: 2.7 hours
- Interpretation: 28.9 hours
- Fee Petition and Quarterly Reports: 11.8 hours
- Discovery Disputes and Discovery Motions: 30.7 hours
- Motions Practice: 16.8 hours
- Ji Bankruptcy: 76.2 hours
- Post Judgment Collection: 7.2 hours

ECF No. 87-3, at 1. Counsel provides an overview of the allocation of time in the Motion and gives specific detail for each time entry in its records document, adequately supporting their request. ECF No. 87-1, at 12-22; ECF No. 87-3.

## C. Lodestar Calculation

Equipped with the reasonable rates and reasonable hours expended, the Court determines the lodestar figure by multiplying them together:

| Timekeeper | Reasonable Rate | Reasonable Hours[2] | Lodestar |
|---|---|---|---|
| Omar Melehy | $475 | 0.4 | $190.00 |
| Suvita Melehy | $475 | 50.0 | $23,750.00 |
| Andrew Balashov | $300 | 172.10 | $51,630.00 |
| Paralegals/Paraprofessionals | $150 | 105.10 | $15,765.00 |
| | | | |
| Total Lodestar | $91,335 | | |

Given that most of the Johnson factors are "subsumed in the rate and hour analysis," *Andrade v. Aerotek, Inc.*, 852 F. Supp. 2d 637, 646 (D. Md. 2012), there is no need to adjust this award further.  Plaintiff succeeded on his claims, managing to recover $44,374.08 in actual damages and $44,374.08 in liquidated damages.  ECF No. 67, at 9-11.  "As discussed above, a review of Plaintiff's time records does not reveal any overly redundant, excessive, or unnecessary billing beyond that which has been subtracted from the fee award."  *Saman v. LBDP, Inc.*, No. DKC-12-1083, 2013 WL 6410846, at *8 (D. Md. Dec. 6, 2023).  For these reasons, I recommend that the Court award the full lodestar of $91,335 without any additional downward departures.

## II.     Costs

A prevailing FLSA plaintiff may recover costs for "reasonable litigation expenses" subject to the Court's discretion.  *Jones v. Dancel*, 792 F.3d 395, 404 (4th Cir. 2015) (quoting *Daly v. Hill*, 790 F.2d 1071, 1084(4th Cir. 1986)); 29 U.S.C. § 216(b); *Roy v. Cnty. of Lexington*, 141 F.3d 533, 549 (4th Cir. 1998).  However, "[c]ourts may deny costs if supported by 'good reason,'" like "misconduct by the prevailing party . . . [or] excessiveness of the costs in a particular case."  *Ramnarine*, 2022 WL 16709764, at *15 (first quoting *Ellis v Grant Thornton LLP*, 434 Fed. App'x

---

[2] The total number of hours worked per timekeeper is drawn from Plaintiff's supplemental filing, ECF No. 95-1.

232, 235 (4th Cir. 2011), then quoting *U.S. EEOC v. Enoch Pratt Library*, No. PX-17-2860, 2022 WL 4017294, at *1 (D. Md. Sept. 2, 2022)).

In addition to attorney's fees, Plaintiff also seeks reimbursement for the following costs in this litigation: (1) $400.20 in filing fees; (2) $236.15 to conduct online research; (3) $2,650.90 for photocopies; (4) $108.12 in postage; (5) $4,915.55 for the services of court reporters for depositions; (6) $2,050.00 for the services of interpreters; (7) $219.30 for document retrieval from Bank of America; and (8) $4,475.09 for costs associated with Mr. Ji's bankruptcy, including online research fees. ECF No. 87-8, at 1-4. In total, Plaintiff requests $15,551.31. Given their failure to respond, Defendants do not oppose any of these requests. All costs will be awarded because each item is a "reasonable out-of-pocket expense[] incurred by the attorney which are normally charged to a fee-paying client, in the course of providing legal services." *Spell v. McDaniel*, 852 F.2d 762, 771 (4th Cir. 1988). Plaintiff has provided detailed supporting documentation for each expense and explained how they relate to the case. ECF No. 87-8; ECF No. 87-4, at 8-9. The costs are not excessive; accordingly, after reviewing the itemized records, the Court is satisfied that each requested expense is duly compensable. Thus, Plaintiff is entitled to recover $15,055.31 in costs.

## CONCLUSION

For the aforementioned reasons, it is recommended that Plaintiff's Attorney's Fees and Costs be partially granted in the amount of $91,335 in fees and $15,0551.31 in costs, for a total of $106,390.31.

Objections to this Report and Recommendation must be served and filed within fourteen (14) days, pursuant to Federal Rule of Civil Procedure 72(b) and Local Rule 301.5(b).

Date:  March 11, 2025                                     _____/s/_____

                                                                        Ajmel A. Quereshi
                                                                        U.S. Magistrate Judge